### Carl Althardt, Appellee, v. Consolidated Coal Company, Appellant.

MASTER AND SERVANT—*when doctrine of assumed risk bars recovery.* If a servant knowing a mule to be vicious continues to use him in connection with his work, and is injured as a result of the viciousness of such mule, he will be barred of a recovery under the doctrine of assumed risk.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1911. Reversed. Opinion filed November 11, 1911.

WISE, KEEFE & WHEELER, for appellant; MASTIN & SHERLOCK, of counsel.

C. H. BURTON, R. G. KNEEDLER and D. H. MUDGE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee, who was a driver in appellant's coal mine, was kicked in the face and severely injured by a mule he was driving, brought suit and recovered judgment against appellant, which, on appeal to this court, was

reversed and the cause remanded. The pleadings and facts in the case are fully set forth in the opinion filed by this court when the case was here before. Althardt v. Consolidated Coal Co., 155 Ill. App. 364.

We there held that the evidence did not sustain the principal proposition of appellee's declaration that appellant promised to remove the danger incurred by appellee in the use of the mule in question, by giving him another job; but we also said that as the declaration contained a further allegation that appellee was ordered to drive the mule after appellant had been notified that the mule was dangerous and that appellee was afraid to drive it, as there was some evidence tending to support such allegation, the cause should be remanded for further proceedings.

Upon the next trial in the Circuit Court, the declaration was amended by eliminating that portion of it, which counted upon the promise of appellant to remove the danger by giving appellee another job.

The declaration, as amended, charged that the mule in question was dangerous, unfit for use and would kick at, bite and attempt to injure the men in the mine, especially his driver, and that appellee notified the mine manager of that fact early in the morning of December 30, 1907; that the mine manager directed appellee to drive the mule after said notice during said day; that acting upon the orders of said mine manager, appellee continued to drive the mule and while in the exercise of due care he was on the same day, shortly afterwards, kicked by the mule and injured.

The facts developed on the last trial were, as stated by appellee, the same as they appeared on the former appeal. From these proofs it appears that appellee had driven the mule in question about three weeks and was fully aware of his vicious kicking propensities.

Appellee's claim and testimony was that on the morning of the day he was injured, he told the mine

manager he was afraid of the mule and wished other work; that the mine manager told him he could drive the mule or quit; that he was hired for that work; that he applied to the pit committee and was told by them, after they had talked with the manager, that he had better go on and drive that day as it would make his case better; that he again went to the manager who told him to drive the mule that day and he would give him a change in the morning; that afterwards while continuing his work with the mule complained of, he was injured as aforesaid.

The mine manager denied appellee told him on the day in question he was afraid of the mule or that witness ordered him to go to the pit committee and take up the matter.

The manager's claim was that appellee wanted to go to work shoveling "at the face" with his brother and he told appellee he would either have to drive or quit. He also denied that he told appellee, after the pit committee took up the matter, to go on and drive that day and he "would give him a better job."

But even if it be conceded that appellee's claim was substantiated by the proofs, we are of opinion, upon full consideration of the facts, that the danger of injury from the mule was one of the risks of his employment which he assumed. "If the particular work which a servant is directed by his master to perform, is within the scope of the general employment of such servant, the mere fact that the servant is directed by the master to do such work, does not operate to absolve the servant from the assumption of the risk involved." Kolp v. Decatur Ry. & L. Co., 145 Ill. App. 645.

Appellee was perfectly well aware, more so probably than any one else, of the dangers incident to the continuance of his work with the vicious mule. He was not misled by his master in regard to the dangers incurred in pursuing his work with the same animal but continued to take chances of injury rather than give up his job.

While the rule which relieves the master of responsibility under such circumstances and makes the servant bear the burden alone would seem to be a harsh one in some respects, yet the proofs in the case appear to call for the application of the doctrine of assumed risk.

The judgment of the court below will be reversed and as there can be no recovery under the facts in the case, the cause will not be remanded.

*Judgment reversed.*

Finding of facts: We find as ultimate facts in the case that appellee knew the danger incurred by him by continuing to drive the mule mentioned in the proofs and that he assumed the risk of such danger as one of the hazards of his employment.